UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA SEALS,

Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

Defendant.
_____________________________/

Case No. 4:26-cv-11506

Hon. F. Kay Behm
United States District Judge

**ORDER GRANTING MOTION TO SEAL (ECF No. 10)**

Plaintiff Tina Seals brought this action against UNUM Life Insurance Company of America under the Employment Retirement Income Security Act of 1974 (ERISA). ECF No. 1-1. On August 25, 2026, Defendant filed the Administrative Record under seal without first filing a motion to seal (ECF No. 9), and the next day, Defendant was informed by the Court that it must first file a motion to seal under the Local Rules. *See August 26, 2026 text-only order*. Now before the Court is Defendant's motion to seal, in which it requests to file the portions of the Administrative Record containing medical

information and other personal identifying information under seal. ECF No. 10.

E.D. Mich. L.R. 5.3 governs civil material filed under seal. "There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). A request for a seal must be "narrowly tailored...in accord with applicable law." E.D. Mich. LR 5.3(b)(2). The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id*. at (b)(3)(B)(i). Even if no party objects to a motion to seal, the "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Id.* (citing *Brown & Williamson*, 710 F.2d at 1176). "[C]ourts must evaluate a motion to seal in light of the weighty public interests in judicial transparency and open access to court records." *United States v. Campbell*, No. 1:19-CR-25, 2021 WL 1975319, at *1 (S.D.

Ohio May 18, 2021) (citing *Shane Grp.*, 825 F.3d at 305). A party that seeks to seal documents filed with the Court must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019).

A party's medical records contain personal identifying information and private health information, which the public is generally not entitled to access. *See e.g.*, *Bodenhamer v. Metro. Life Ins. Co.*, No. 20-00221, 2021 WL 6275231, at *2 (E.D. Tenn. Feb. 2, 2021); *see also United States v. Anderson*, 2022 U.S. App. LEXIS 2481, *1-2 (6th Cir. Jan. 26, 2022) (sealing justified where documents were two expert reports on third-party patient medical records and two such patient medical files, which were "replete with confidential information, including individually identifiable health information protected under" HIPAA). Thus, the Court finds that the portions of the Administrative Record that are medical records or contain Plaintiff's personal identifying information are properly sealed and that the privacy interests outweigh the public's right to access court records. *See* ECF No. 11.

The Court finds that the requested seal is sufficiently narrowly tailored. "The seal itself must be narrowly tailored to serve that reason," which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-06 (citation omitted). Here, Defendant has specifically identified and filed under seal the documents that contain private medical information and personal identifying information (*see* ECF Nos. 10-2, 11) and filed the remaining portion of the Administrative Record on the public docket (ECF No. 12).

Because the request is sufficiently narrowly tailored to serve the stated privacy interests, the motion to seal the Administrative Record in part (ECF No.10) is **GRANTED**.

**SO ORDERED.**

Date: September 10, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge